UNITED STATES DISTRICT COURT
EASTERN DISTRICT TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SEAN MICHAEL CRABTREE, Individually And On Behalf Of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EMMANUEL PACQUIAO; TOP RANK INC.; MICHAEL KONCZ; ROBERT ARUM; TODD DUBOEF; DOES 1-10 and ABC CORPS 1-10, <br><br> Defendants. | CIVIL ACTION NO.: _____ <br><br> **JURY DEMAND** <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff brings this action on behalf of himself and all others similarly situated against Defendants Emmanuel J. Pacquaio ("Pacquaio"), Top Rank, Inc. ("TRI"), Robert Arum ("Arum"), Todd DuBoef ("DuBoef") and Michael Koncz ("Koncz") (collectively, "Defendants") states:

## NATURE OF THE ACTION

1. This is an action for damages relating to Defendants' failure to disclose the injuries suffered by Pacquiao prior to the fight between Manny Pacquiao and Floyd Mayweather held May 2, 2015.

2. TRI was one the promoters of the "Fight of the Century" and failed to disclose the injury to the Nevada Athletic Commission ("NAC") prior to the fight as is required by Nevada law.

3. Defendants failed to truthfully answer or disclose the injury information as required on a NAC disclosure form that was filled out by Pacquiao and others, including, Koncz.

4. Pacquiao and other assisting him checked "No" on the NAC questionnaire which asked if he had a shoulder injury.

5. This action seeks damages and compensation to Plaintiff and all Class Members from Defendants, interest, disgorgement, costs of suit, treble damages, attorney fees and any other damages deemed just and proper by the Court.

6. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons who purchased the pay-per-view broadcast of the Mayweather-Pacquaio fight which took place in Las Vegas, Nevada on May 2, 2015. Excluded from the class are counsel representing the Class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individuals whose interest are antagonistic to other class members.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which Plaintiff is a citizen of a state different from Defendants.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action occurred in this District.

## PARTIES

9. ***Plaintiff Sean Michael Crabtree*** ("Plaintiff") is an individual residing in Winchester, Franklin County, Tennessee, a citizen of the State of Tennessee and a purchaser of the pay-per-view event to the Mayweather-Pacquiao fight held May 2, 2015.

10. ***Defendant TRI*** is a Nevada corporation engaged in the business of producing, promoting, and selling tickets to fighting events. TPI's principal place of business is located in Clark County, Nevada.

11. ***Defendant Arum*** is the Treasurer and Director of TPI and was responsible for actions and decisions that led to the failure of Defendants to disclose Pacquiao's injuries. Arum is a resident of Clark County, Nevada.

12. ***Defendant DuBoef*** is the President of TPI and was responsible for actions and decisions that led to the failure of Defendants to disclose Pacquiao's injuries. DuBoef is a resident of Clark County, Nevada.

13. ***Defendant Koncz*** is the advisor of Pacquiao and was responsible for actions and decisions that led to the failure of Defendants to disclose Pacquiao's injuries. Koncz resides in the Philippines.

14. ***Defendant Pacquiao*** was responsible for actions and decisions that led to the failure of Defendants to disclose his injuries. Pacquiao resides in California and is, upon information and belief, also a citizen of the Philippines.

15. Upon information and belief, Defendants Does 1-10 and ABC Corp. 1-10 are fictitious names for various entities or persons whose true identity are unknown to the Plaintiff at this time that were responsible for actions and decisions that led to the failure of Defendants to

disclose Pacquiao's injuries. Once the true identities of said defendants are known the Plaintiff will seek leave of the Court to amend his complaint to name said defendants.

## FACTUAL ALLEGATIONS

16. Defendant Pacquaio is a Filipino world champion professional boxer who has won eight world championships.

17. Defendant Pacquaio was named "Fighter of the Decade" for the 2000s by the Boxing Writers Association ("BWAA") and the World Boxing Organization. Defendant Pacquaio also won BWAA's "Fighter of the Year" award for the years 2006, 2008 and 2009.

18. According to *Forbes*, Pacquaio was the 14th highest paid athlete in the world as of 2013.

19. On May 2, 2015, a fight was scheduled between Pacquaio and Floyd Mayweather, Jr. at the MGM Grand in Las Vegas, Nevada. Hyped as the "Fight of the Century," a ticket to the live event was much in demand, and drew many celebrities and boxing fans.

20. The fight promoter was TRI, the country's premiere boxing promotions company.

21. Both Pacquaio and Mayweather received massive paychecks – reported to be approximately $100 million each – for the fight. Upon information and belief, TRI and the other defendants also profited from the fight.

22. The fight was broadcast on pay-per-view, and so many individuals and businesses signed up for the event that pay-per-view was unable to meet the full demand. The average cost for an individual broadcast was approximately $100.00, while businesses such as bars and restaurants paid many times that amount.

23. Mayweather prevailed in a unanimous decision. Spectators were unimpressed with the fight, with champion boxer Mike Tyson terming it the "Dud of the Century."

24. After the fight, it was revealed that Pacquaio, before the fight started, had been suffering from a very significant shoulder injury, making him unable to fight to his full ability. On May 4, 2015, Los Angeles orthopedic surgeon Dr. Neal ElAttrache told ESPN that Pacquaio has a "significant tear" in his rotator cuff that will require surgery and require him to be away from the ring for 9-12 months.

25. When the Nevada State Athletic Commission administered the prefight examination on Pacquaio on the Friday afternoon before the fight, Pacquaio was given a questionnaire. Among the questions was: "Have you had any injury to your shoulders, elbows, or hands that needed evaluation or examination?" Under penalty of perjury, Pacquaio replied no.

26. To the contrary, upon information and belief, one of Pacquaio's sparring partners has stated that Pacquaio was in fact injured a few weeks prior to the fight, and that the injury was so severe that Pacquaio could not continue to spar and both boxers were sent home.

27. As a result of the injury, Pacquaio allegedly requested an injection of Toradol (a non-steroidal prescription medication) and the numbing drug lidocaine before the fight.

28. Defendants have allegedly admitted that Pacquaio was not 100% healthy on the night of the fight, and Pacquaio later told the *L.A. Times* that he further injured his already weakened shoulder in the fourth round of the fight. Pacquaio could face disciplinary action, including fine or suspension, as a result of his false answer on the questionnaire.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed nationwide Class consists of:

> All persons who purchased a pay-per-view broadcast of the Mayweather-Pacquaio fight which took place in Las Vegas, Nevada on May 2, 2015.

30. **Numerosity**. The class consists of tens of thousands of consumers. Therefore, the members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff.

31. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following: (a) whether Defendants falsely, deceptively, and misleadingly represented Pacquaio's health status prior to the May 2, 2015 fight.

32. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class and Plaintiff has the same claims as those of the other Class members.

33. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class. Plaintiff's choice of counsel includes T. J. McKenna, who has appeared *pro hac vice* in other Tennessee class actions, and Bramlett Law Offices, a firm which has been involved in numerous Tennessee class actions and has successfully represented Plaintiffs in all of the divisions of the Federal Courts of Tennessee for more than twenty years.

34. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by

individual Class members is small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, a class action provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT I

### FRAUD/INTENTIONAL MISREPRESENTATION

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

36. Plaintiff, and each member of the Class, paid a significant amount of money to watch what was represented as the "Fight of the Century."

37. Unknown to Plaintiff and the Class members, Defendant Pacquaio entered the ring already injured, rendering him unable to fight to his full ability.

38. Defendants intentionally and wrongfully concealed Pacquiao's injury from Plaintiff and the Class members in order to receive millions of dollars in compensation

39. As a result of Defendants' fraud and intentional misrepresentations, Plaintiff and the Class members have suffered damages.

7

40. Defendants conduct in concealing the injury in order to enrich themselves at the expense of the public was so reckless, wanton and in such conscious disregard of the rights of Plaintiff and the Class, that they must be punished in order to deter them and other future potential wrongdoers from repeating Defendants misconduct, thus an award of punitive damages against Defendants is warranted.

## COUNT II

### UNJUST ENRICHMENT

41. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

42. As a result of the unlawful conduct described herein, Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class.

43. Specifically, Defendants' unfair and unlawful actions, as described herein, have enabled Defendants to receive money and other benefits in violation of the law at the expense of Plaintiff and the other members of the Class.

44. Defendants' receipt and retention of this financial benefit is unfair and improper under the circumstances.

45. As such, Defendants should be required to disgorge the money they retained as a result of its unjust enrichment.

46. Defendants conduct in concealing the injury in order to enrich themselves at the expense of the public was so reckless, wanton and in such conscious disregard of the rights of Plaintiff and the Class, that they must be punished in order to deter them and other future potential wrongdoers from repeating Defendants misconduct, thus an award of punitive damages against Defendants is warranted.

## COUNT III

### VIOLATIONS OF TENNESSEE LAW

47. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

48. Defendant omitted material information concerning Pacquaio's injuries and engaged in unconscionable, unfair, and/or deceptive acts by failing to disclose to Plaintiff Pacquaio's injuries, which was revealed to Plaintiff after the fight and after his purchase of the fight on pay-per-view.

49. In addition, Defendant's unconscionable, unfair, and/or deceptive acts and/or concealment of material facts include: failing to inform Tennessee consumers of Pacquaio's injuries before they purchased the broadcast of the fight on pay-pre-view.

50. Defendants made deceptive and/or misleading representations regarding the fight that would have deceived an objectively reasonable person into believing that Pacquaio was 100% fit.

51. Plaintiff and members of the Class would not have purchased the broadcast on pay-pre-view at the offered price had they been fully informed regarding the above-referenced injuries.

52. Defendants profited from the pay-pre-view broadcast.

53. Defendants' concealment of material facts constitutes unconscionable commercial practices, deception, false pretenses, the knowing concealment, suppression, or omissions of material facts with the intent that others would rely on such concealment, suppression, or omission in connection with the purchase of the fight on pay-pre-view in violation of the Tennessee Consumer Protection Act, TCA Section 47-18-101, et. seq.

54. Defendants' deceptive acts were directed at Tennessee consumers.

55. Defendants' acts were misleading in material ways as described in the preceding allegations.

56. As a direct and proximate result of Defendants' acts and violations of the Tennessee Consumer Protection Act, Plaintiff and members of the Class have been injured.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiff and the proposed Class members compensatory damages on Counts I, II and II and punitive damages on Counts I and II;

C. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

E. Awarding attorneys' fees and costs; and

F. Providing such further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: May 26, 2015.

>Respectfully submitted,
>
>**BRAMLETT LAW OFFICES**
>By:
>*s/Paul Kent Bramlett*
>PAUL KENT BRAMLETT #7387
>ROBERT PRESTON BRAMLETT #25895
>P. O. Box 150734
>Nashville, TN 37215-0734
>Telephone:   615.248.2828
>E-mails:   PKNASHLAW@aol.com
>           Robert@BramlettLawOffices.com

**Buddy D. Perry**
Attorney at Law
TN Sup Ct #2662
P. O. Box 183
Winchester, Tennessee 37398
Telephone:   931.967.2676
Facsimile:   931.967.4011
E-mail:      BuddyDPerry@bellsouth.net

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Phone: (212) 683-3400
Fax: (212) 683-3402
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Counsel for Plaintiff and the Putative Class*

## VERIFICATION

The undersigned, SEAN MICHAEL CRABTREE, certifies that I have read the attached lawsuit and approve its filing on my behalf. I am willing to serve as a Class Representative on behalf of the purported Class and understand that the Court has the authority to select the most adequate Lead Plaintiff in this action or any consolidated actions. I agree not no accept any payment for so serving beyond my pro-rata share of any recovery, except such reasonable costs and expenses directly relating to representation of the Class as approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED this 5 day of May, 2015.

_____
SIGNATURE

Sean M Crabtree
_____
NAME PRINTED